JANET M. HEROLD, Regional Solicitor
SUSAN GILLETT KUMLI
Deputy Regional Solicitor
Kumli.Susan@dol.gov
90 7th Street, Suite 3-700
San Francisco, California
Telephone: (415)625-7752
Facsimile: (415) 625-7772

ALICIA A.G. LIMTIACO
United States Attorney
MIKEL W. SCHWAB
Chief, Civil Division
JAMES J. BENEDETTO
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam   96910
Tel: (671) 472-7332
Fax: (671) 472-7215

FILED
Clerk
District Court

DEC 15 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

IN THE MATTER OF:

ESTABLISHMENT INSPECTION OF:

MCC International Saipan Ltd. Co.

Case No. MC 16-00041

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR INSPECTION WARRANT**

Thomas E. Perez, Secretary of Labor, U. S. Department of Labor, has brought this action under the Occupational Safety and Health Act of 1970 ("the Act") to obtain a Warrant which authorizes the inspection by the Occupational Safety and Health Administration ("OSHA") of the casino construction project of MCC International Saipan Ltd. Co. ("MCC"), located at Garapan, Saipan, MP 96950.  MCC is a corporation which operates a construction contracting business and conducts business that affects interstate commerce by using United States based phone lines and internet services in order to order materials and supplies between China and the United States, specifically on the Island of Saipan in the Northern Mariana Islands.  In addition, MCC

purchases fuel for their onsite vehicles such as cranes, trucks, loaders, and backhoes.  MCC and its contractors employ approximately 1,800 employees.

On or about December 6, 2016, OSHA Compliance Safety and Health Officer ("CSHO") Rick Foster arrived at the Imperial Pacific Resort Casino Construction project to conduct a safety and health inspection following a reported death at the work site and a complaint reported to OSHA.  According to the Declaration of CSHO Foster, attached as Exhibit A, he spoke with Michael Fejeran, the Site Safety Officer, who told CSHO Foster to wait until their legal representative could be contacted in order to attend the opening conference.  CSHO Foster stated that he would wait 45 minutes.

After an hour, CSHO Foster began his opening conference with Michael Fejeran (Site Safety Officer), Javier Dayat (Safety Consultant), David Rollera (Safety Consultant), Deb Camacho (Regulatory and Compliance Officer for Best Sunshine), Aldon Wong (Project Manager for Gold Mantis), Chan Sam Gazy, Ren Deping Jasen, Liu Yuan Xiong, and Alvin Zhem.  Following the opening conference, Legal Counsel for Imperial Pacific Resort, Chuck McDonald, arrived and the CSHO held another brief opening conference with him.  Mr. McDonald asked that the CSHO leave the room and after 30 minutes, he informed CSHO Foster that they would need more time to determine how to proceed and he asked CSHO Foster to leave.  No inspection has been conducted.

MCC through Counsel for the Imperial Pacific Resort and MCC's Site Safety Officer, Michael Fejeran, have refused to permit access by OSHA to its Imperial Pacific Resort Casino Construction Project for the purpose of a comprehensive safety and health inspection, although assured that such inspection would be conducted during regular working hours and at other reasonable times and within reasonable limits and in a reasonable manner as provided by the Act at 29 U.S.C. §657(a).

## ARGUMENT

Congress enacted the Occupational Safety and Health Act of 1970 (29 U.S.C. §§651 *et seq.*) "…to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources…" (29 U.S.C. §651(b)). Under Section 5 of the Act, each employer (defined in Section 3(5) as including any "person engaged in a business affecting commerce who has employees") is under the duty to provide safe and healthful employment free from recognized hazards and in compliance with the safety and health standards promulgated under the Act. The administration and enforcement of the Act is vested in the Secretary of Labor ("Secretary"). Section 8(a) of the Act authorizes the physical entry by representatives of the Secretary into worksites for the purpose of conducting safety and health inspections. Section 8(a) (29 U.S.C. §657(a)) reads as follows:

> In order to carry out the purposes of the Act, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge is authorized-
>
> (1) to enter without delay and at reasonable times any factory, plant, establishment, construction site or other area, workplace or environment where work is performed by an employee of an employer; and
>
> (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

The Secretary has further promulgated regulations (found at 29 C.F.R. Part 1903) setting forth the manner in which inspections under the authority of Section 8(a) of the Act shall be conducted. Advance notice of inspections is prohibited under Section 17(f) of the Act except in the limited circumstances authorized by the Secretary at 29 C.F.R. §1903.6 (none of which are applicable in the instant case).

Typically, the Secretary attempts to conduct OSHA inspections without securing judicial

assistance in advance of the inspection. Should an employer object to an inspection, however, resort to judicial process is sought through an *Ex Parte* Application for a Warrant for Inspection. 29 C.F.R. §1903.4. Stoddard Lumber Co., Inc. v. Marshall, 627 F. 2d 984 (9th Cir. 1980). OSHA Regulations provide that *Ex Parte* Inspection Warrants shall be the preferred form of compulsory process in all circumstances where compulsory process is relied upon to seek entry to a workplace under this section. 29 C.F.R. §1903.4(d).

In Marshall v. Barlow's Inc., 436 U.S. 307 (1978), the Supreme Court held that the warrant requirement of the Fourth Amendment is applicable to nonconsensual OSHA inspections and that OSHA inspection warrants shall be issued only upon "administrative probable cause."

> Whether the Secretary proceeds to secure a warrant or other process, with or without prior notice, his entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that "reasonable legislative or administrative standards for conducting an…inspection are satisfied with respect to a particular (establishment) *citing* Camara v. Municipal Court, 387 U.S. 523, 538 (1967).

Barlow's Inc., 436 U.S. at 320.

Barlow's and Camara remain controlling law today. The Ninth Circuit, in Stoddard Lumber Company, Inc., v. Marshall, 627 F.2d 984 (1980) addressed the issue of the probable cause which must be demonstrated by the Secretary in her application for an OSHA Inspection warrant. Citing Barlow's and Camara, the Court reiterated the Supreme Court's holding that, for purposes of an administrative search, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation, but also on a showing that "reasonable legislative or administrative standards for conducting an inspection are satisfied with respect to a particular establishment."

In Hern Iron Works, Inc. v. Donovan, 670 F.2d 838 (9th Cir. 1982), the employer appealed from a contempt order entered against it by the U.S. District Court for the District of

Idaho for refusing to honor an OSHA warrant.   One of the company's contentions was that OSHA lacked probable cause for issuance of a warrant.   The Court, citing Barlow's, reiterated that warrants for OSHA inspections need not be based on probable cause in the criminal law sense.  Further, the Court said, "Subsequent [to Barlow's], 'virtually every federal court has concluded that criminal probable cause is not required for issuance of a warrant for an OSHA inspection'."

Hern and some of its progeny, including Montana Sulphur & Chemical Company, 32 F.3d 440 (9th Cir. 1994), which arose from OSHA inspection warrants issued based upon employee complaints, revisited not only the issues of the degree of probable cause in regard to OSHA inspections, but the breadth of inspections which can be conducted based upon such complaints.  In each case, the employer had attempted to limit the scope of the OSHA inspection to the allegations of the specific employee complaint.   Montana Sulphur considered the employer's contention that OSHA inspections arising from employee complaints should be restricted to investigation of the precise problems complained of and nothing more.  The Court opined:

> In our view, aside from being contradicted by the governing Statute and regulations, that construction makes no sense. At bottom, OSHA's mission is the assurance of safety. If an employee points out a risk of catastrophic explosion, OSHA must be allowed the opportunity to ensure that such an event does not occur... OSHA should be allowed to examine a problem area until it can be given a clean bill of health. Montana Sulphur, *supra*, at 446… OSHA is authorized by Congress to investigate any dangers alleged by employee complaints if it determines that cause exists. 29 U.S.C. §657(f)(1). This power is not limited to complaints alleging violations of specific regulations, nor must OSHA cite specific regulations before it investigates. Id.  See also Reich v. Kelly Springfield Tire Company, 13 F.3d 1160 (7th Cir. 1994).

The investigation in the instant case did arise due to an online complaint by a doctor working in the Emergency Room of the Saipan Hospital reporting serious injuries at the said construction project on a daily basis.  The doctor reported that employees arrived from the worksite with two instances of amputation and two instances of falls that resulted in serious fractures.  In addition, MCC International Saipan Ltd. Co. reported to OSHA that an onsite worker had a heart attack and died on December 4, 2016.  The "probable cause" supporting the

Warrant for Inspection sought in this proceeding is found in the complaint filed, the reported fatality at the jobsite, and in the initial information obtained by the investigator, CSHO Foster, and set forth in his Declaration. OSHA attempted entry to conduct an inspection, and was denied entry.

OSHA regulations found at 29 C.F.R. §1904.2 require employers covered by the Act to maintain in each establishment a log and summary of all recordable occupational injuries and illnesses for that establishment and to enter each recordable injury and illness on the log and to complete the OSHA 300 logs and summaries in the detail provided in the OSHA 300 form and instructions thereon. It is not known whether MCC International Saipan Ltd. Co. has maintained these required records because OSHA has not been permitted entry to inspect such records. Failure to conduct such an investigation impedes OSHA's ability to ascertain that the employer is fulfilling his responsibility under the general duty clause of the Act to "furnish to each of his employees' employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. §654. The contemporaneous records are critical to OSHA's ability to enforce the Act.

OSHA has satisfied its burden to show probable cause because MCC International Saipan Ltd. Co. is a covered employer, subject to OSHA's jurisdiction. OSHA's mandate, to ensure safe and healthful working conditions, depends on its ability to conduct unscheduled inspections. Matthews has denied OSHA the opportunity to conduct such an inspection.

The Secretary of Labor in this action is specifically requesting an **Ex Parte Inspection Warrant**. The Secretary is entitled, under 29 C.F.R. §1903.4, to seek and obtain an *Ex Parte* Warrant for inspection purposes where right of entry has been refused. The regulation further states, "Ex parte inspection warrants shall be the preferred form of compulsory process in all circumstances where compulsory process is relied upon to seek entry to a workplace under this section." 29 C.F.R. §1903.4(d). That right has been upheld by the Ninth Circuit in Stoddard Lumber Company, Inc., v. Marshall, *supra*. Citing Barlow's, the Stoddard court, in discussing the Ex Parte warrant procedure employed by the Secretary, concluded that even the Barlow's

Court recognized that "surprise searches" were authorized by the act and "contemplated" by the regulations. As stated earlier herein, OSHA regulations at 29 C.F.R. §1903.6 prohibit advance notice of inspections, with very few narrow exceptions. The Secretary contends that the right to an *Ex Parte* Warrant for Inspection is necessary to the fulfillment of the Secretary's enforcement duties under the Act.

In this case, an *Ex Parte* Warrant for Inspection of the Imperial Pacific Resort Casino Construction Project location serves the purposes of the Act and would not be unduly intrusive to MCC. The Warrant Application procedure is not an appropriate venue to review any potential violations on the merits.

## CONCLUSION

For the foregoing reasons, the Secretary of Labor respectfully requests that this Honorable Court issue an *Ex Parte* Warrant for Inspection of the Imperial Pacific Resort Casino Construction Project, Garapan, Saipan, MP.

DATED this 15th day of December 2016.

        M. PATRICIA SMITH
        Solicitor of Labor

        JANET HEROLD
        Regional Solicitor

        SUSAN GILLETT KUMLI
        Deputy Regional Solicitor

        ALICIA A.G. LIMTIACO
        United States Attorney
        Districts of Guam and the NMI

By: /s/ James J. Benedetto
        JAMES J. BENEDETTO
        Assistant U.S. Attorney